IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MELVIN D. LOCKETT,**

                   **Petitioner,**

          v.                              **CASE NO. 12-3013-SAC**

**RAY ROBERTS,**

                   **Respondent.**


### MEMORANDUM AND ORDER

This matter is before the court on a petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2241 by a prisoner in state custody.  Petitioner proceeds pro se and submitted the full district court filing fee.

Petitioner broadly alleges the Kansas Department of Corrections and the Kansas courts are erroneously interpreting Kansas sentencing statutes regarding the calculation of a prisoner's term of post-release supervision.  The petition is completely devoid of any facts unique to petitioner's case, however, and alleges no specific error in the execution of petitioner's state sentence.  It also plainly appears that petitioner has not yet pursued relief in the state courts on the claims of legal error asserted in the instant petition.

Before a state prisoner may pursue federal habeas corpus relief, the prisoner must exhaust available state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  While § 2241 does not contain an express exhaustion requirement, case law in the Tenth Circuit requires exhaustion of available state remedies. *Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir.2000). This exhaustion requirement is "'principally designed to protect the state courts' role int eh enforcement of federal law and prevent disruption of state judicial proceedings.'" *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir.1994)(*quoting Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Petitioner cites a separate § 2241 habeas corpus petition pending before this court as asserting identical grounds for relief, *see Fagan v. Roberts* (Case No. 11-3210), and implies exhaustion of state court remedies would be futile and ineffective on petitioner's allegations of error in the application of Kansas sentencing statutes.[1] In support of this broad claim of futility, petitioner states that Fagan was denied access to the state appellate courts' full review of alleged legal error in the calculation of Fagan's sentence.

"A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010). Petitioner bears the burden showing that his exhaustion of state court remedies would be futile. *Clonce v. Presley*, 640 F.3d 271, 273 (10th Cir.1981). The court finds petitioner has made no such showing in this case.

Petitioner identifies no specific error in the execution of his criminal sentence, and no compelling explanation as to how his claims are substantially identical to those asserted by the petitioner in *Fagan*. The court thus finds no sound reason for

---

[1] Petitioner's request for joinder of this action with *Fagan's* pending petition is denied.

excusing petitioner's failure to exhaust state court remedies, and concludes the petition should be dismissed without prejudice to allow petitioner to present his claims to the state courts.

IT IS THEREFORE ORDERED that the petition for habeas corpus is dismissed without prejudice to allow petitioner to exhaust available state court remedies.

**IT IS SO ORDERED.**

DATED:  This 8th day of February 2012 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge